PROB. 12
(Rev. 3/89)

# UNITED STATES DISTRICT COURT
## for
## WESTERN DISTRICT OF TENNESSEE

FILED BY _____ D.C.

05 OCT 24 PM 5: 05

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

**U.S.A. vs. Octavius Hall**                                    Docket No. 2:04CR20295-01

### Petition on Probation and Supervised Release

**COMES NOW** Edward E. Shaw **PROBATION OFFICER OF THE COURT** presenting an official report upon the conduct and attitude of Octavius Hall, who was placed on supervision by the Honorable J. Daniel Breen sitting in the Court at Memphis, TN on the 8th day of February, 2005, who fixed the period of supervision at two (2) years*, and imposed the general terms and conditions theretofore adopted by the Court and also imposed Special Conditions and terms as follows:

1. The defendant shall participate in the Home Detention Program for a period of five (5) months.
2. The defendant shall participate in substance abuse testing and treatment as directed by the Probation Officer.
3. The defendant shall seek and maintain full-time employment.
4. The defendant shall cooperate with DNA collection as directed by the Probation Office.

\* Supervised Release began on June 1, 2005.

### RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

**The defendant violated the condition which states he shall participate in the Home Detention Program for a period of five (5) months.**

The defendant violated Home Detention requirements on September 24, 2005, when he intentionally removed from around his ankle the strap and transmitter used for electronic monitoring.

**PRAYING THAT THE COURT WILL ORDER** a Summons be issued for Octavius Hall to appear before Your Honor to answer charges of violation of Supervised Release.

### ORDER OF COURT

Considered and ordered this 24th day of October, 2005, and ordered filed and made a part of the records in the above case.

_____
United States District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: October 11, 2005

_____
Edward E. Shaw, U. S. Probation Officer
Electronic Monitoring Specialist

Place: Memphis, TN

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on 10-25-05

45

# VIOLATION WORKSHEET

1. Defendant _____ Octavius Hall   (6438 Chalgrove Cove, Bartlett, TN  38134)_____

2. Docket Number (Year-Sequence-Defendant No.) _____ 2:04CR20295-011 _____

3. District/Office _____ Western District of Tennessee (Memphis) _____

4. Original Sentence Date  __02__  __08__  __2005__
                                             month     day     year

*(If different than above):*

5. Original District/Office _____

6. Original Docket Number (Year-Sequence-Defendant No.) _____

7. List each violation and determine the applicable grade {see §7B1.1}:

| Violation{s} | Grade |
|---|---|
| Violation of Home Detention | C |

8. Most Serious Grade of Violation (see §7B1.1(b))       C

9. Criminal History Category (see §7B1.4(a))74       IV

10. Range of imprisonment (see §7B1.4(a))       **6 - 12 months\***

**\*Being originally convicted of a Class C felony, the statutory maximum term of imprisonment is 24 months; 18 U.S.C. §3583(e)(3).**

11. Sentencing Options for Grade B and C violations Only (Check the appropriate box):

{X} (a) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c) (1) provides sentencing options to imprisonment.

{ } (b) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c) (2) provides sentencing options to imprisonment.

{ } (c) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

         **Mail documents to: United States sentencing Commission, 1331 Pennsylvania Avenue, N.W. Suite 1400, Washington, D.C., 20004, Attention:  Monitoring Unit**

**Defendant**   Octavius Hall

12. **Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation {see §7B1.3(d)}:

Restitution ($) _____N/A_____      Community Confinement _____N/A_____
Fine ($) _____N/A_____             Home Detention ____3 months and 8 days____
Other _____N/A_____                Intermittent Confinement _____N/A_____

13. **Supervised Release**

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 {see §§7B1.3(g)(1)}.

Term: _____N/A_____ to _____N/A_____ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment impossible upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment {see 18 U.S.C. §3583(e) and §7B1.3(g)(2)}.

Period of supervised release to be served following release from imprisonment: _____

14. **Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

Pursuant to §7B1.3(d) any home detention previously imposed that remains unserved at the time of revocation may be served in addition to the sanction determined under §7B1.4. Thus, the adjusted range derived by taking into account the estimated unserved Home Confinement would be from nine (9) months and eight (8) days to fifteen (15) months and eight (8) days.

15. **Official Detention Adjustment** {see §7B1.3(e)}: months _____ days _____

Mail documents to: United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W.
Suite 1400, Washington, D.C., 20004, Attention: Monitoring Unit

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 45 in case 2:04-CR-20295 was distributed by fax, mail, or direct printing on October 25, 2005 to the parties listed.

---

Tim DiScenza
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

April Rose Goode
FEDERAL PUBLIC DEFENDER
200 Jefferson Ave.
Ste. 200
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT